UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DENNIS TOOLEY,  )
an individual,  )
  )  CASE NO.: 1:24-cv-1048
       Plaintiff,  )
vs.  )
  )
PENCE GROUP, LLC,  )
an Indiana Limited Liability Company,  )
  )
       Defendant.  )
_____  )

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues PENCE GROUP, LLC, an Indiana Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, PENCE GROUP, LLC, (hereinafter referred to as "Defendant"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the real property and improvements, which is the subjects of this action, to wit: the "Property", Exit 76 Antique Mall, generally located at 12595 N. Executive Dr, Edinburgh, IN 46124. Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a large antique retailer, is open to the public and provides goods and services to the public.

10. Plaintiff MR. TOOLEY has visited the Property several times over the past two (2) years and attempted to utilize the goods and services offered because he enjoys shopping for the

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

unique items available there. MR. TOOLEY last visited the Property in mid-June 2024 and plans to return in the near future.

11. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

12. MR. TOOLEY continues to desire to visit the Property for unique antique merchandise, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

13. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

  A. Plaintiff encountered that none of the ADA parking spaces in the Property parking lot had accessible signage to identify the spaces as exclusively for disabled use due to low mounting heights where they could be easily obscured by parked vehicles. This issue made it difficult for Plaintiff to use the disabled use parking space and fails to discourage some able-bodied patrons from parking in those spaces.

  B. Plaintiff encountered one (1) inaccessible ADA parking space in the Property parking lot due to the lack of a 5 foot wide access aisle. This issue made it difficult for Plaintiff to use the disabled use parking space and

        increased the risk of harm to Plaintiff as he attempted to transfer into and out of his vehicle.

C.    Plaintiff encountered numerous inaccessible parking spaces designated for disabled use throughout the Property due to slopes in excess of 1:48, cracked pavement and other disrepair within the spaces and their access aisles. These conditions made it difficult and dangerous for Plaintiff to park in and safely utilize many of the disabled use parking spaces during his visits.

D.    Plaintiff encountered two (2) inaccessible sidewalk ramps leading from the ADA parking spaces to the Property entrance due to excessively steep slopes, disrepair, lack of smooth transitions and lack of handrails which made it difficult and dangerous for Plaintiff to maneuver from the parking lot to the Property entrance using his wheelchair. These conditions made it difficult and dangerous for Plaintiff to maneuver from his vehicle to the store entrance during his visits.

E.    Plaintiff encountered inaccessible merchandise access on the interior of the Antique Mall due to excessive clutter and merchandise placed too close together. Additionally, Plaintiff cannot access one merchandise room due to a very steep wooden ramp which is impassible for wheelchair users and other areas on different levels without a ramp. These conditions made it difficult and dangerous for Plaintiff to maneuver throughout the store during his visits and prevented him browsing all of the merchandise rooms.

  F. Plaintiff encountered inaccessible restrooms at the Property due to high mirrors above the sinks and a lack of pipe insulation under the sinks. These conditions made Mr. Tooley's experience more inconvenient and he had to use extra caution to avoid scraping his knees with the exposed pipes.

  G. Plaintiff encountered inaccessible checkout counters due to excessive height of the counter surface. This made purchases more inconvenient and awkward due to the excessive height.

14. Plaintiff has visited/observed the entire public premises described herein and encountered numerous barriers throughout. These barriers greatly reduced the Plaintiff's ability to access the goods and services available at the Property and made his visits difficult and dangerous.

15. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: June 20, 2024

                                         Respectfully Submitted,

By: *Louis I. Mussman* .
Louis I. Mussman, Esq.
Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana 46237
Tel: (317) 750-8503
ebohnet@gmail.com